**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY JOSEPH WILLIAMS,

Petitioner-Appellant,

v.

DAVID C. MILLER,

Respondent-Appellee.

No. 07-6228
(D.C. No. CIV-07-467-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Danny Joseph Williams, a state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** his request for a COA and **DISMISS**.

On April 23, 1992, Williams was convicted in Oklahoma state court on ten

felony counts. The Oklahoma Court of Criminal Appeals affirmed his conviction

on December 19, 1994, and Williams did not seek certiorari with the United

States Supreme Court. On July 21, 2004, Williams applied for state

post-conviction relief. His application was denied, and Williams' subsequent

appeal was dismissed as untimely.  Williams then filed several other unsuccessful applications for collateral relief in state court.

Williams brought this petition for habeas relief on April 5, 2007.  A magistrate judge found that the petition was time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that no basis existed for equitably tolling AEDPA's one-year time limitation.  Over Williams' objections, the district court adopted the magistrate's recommendation and dismissed Williams' petition.  The district court then construed Williams' subsequent notice of appeal as a motion for a COA and denied that motion.[1]

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  In general, the limitations period begins to run from the date on which the state judgment becomes final for purposes of direct review.  See § 2244(d)(1)(A).  However, in the case of petitioners whose convictions became final prior to April 24, 1996, AEDPA's effective date, we recognize a one-year grace period beginning on April 24, 1996,

_____

[1] Because the district court denied Williams a COA, he may not appeal the district court's decision absent a grant of COA by this court.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Williams to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

and ending on April 23, 1997.  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

Williams' conviction became final for purposes of § 2244(d) on or about March 19, 1995, after the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court had lapsed.  See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 13(1).  Because his conviction became final prior to AEDPA's effective date, he had until April 23, 1997, to file a habeas petition.  Williams' habeas petition, filed on April 5, 2007, is therefore untimely by almost ten years.[2]

Williams argues that despite the untimeliness of his petition, the one-year limitations period should be equitably tolled.  We have recognized that equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Williams cites prison lockdowns, inadequate access to the prison law library, the

---

[2] Section 2244(d)(2), which tolls the limitations period for the time during which a properly filed application for state post-conviction or collateral review is pending, applies to the one-year grace period for convictions predating AEDPA's effective date.  See Hoggro, 150 F.3d at 1226.  Williams asserts that he began his state post-conviction proceedings before the grace period ended by attempting to obtain copies of state-court records.  Under § 2244(d)(2), however, collateral review is commenced only when an application for relief is filed.  See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).  Section 2244(d)(2) therefore does not toll Williams' limitations period.

"incompetent advice of inmate law clerks," and his inability to hire counsel as reasons for the delay. Considering that Williams' petition was delinquent by nearly a decade, however, we cannot agree that these circumstances qualify as extraordinary or that he diligently pursued his claims. Nor does actual innocence provide a basis to review the untimely petition, as Williams points to no new evidence affirmatively demonstrating his innocence. See House v. Bell, 126 S. Ct. 2064, 2077 (2006) (actual innocence claims require "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" (quotation omitted)).

Accordingly, we **DENY** Williams' request for a COA and **DISMISS**. We **GRANT** Williams' motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 4 -